**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Paul Antonio CASTRO–LOPEZ,**
**Defendant–Appellant.**

No. 11–10679.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2013.*

Filed March 25, 2013.

Gordon Davenport, III, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ray Anthony Ybarra Maldonado, Law Office of Ray A. Ybarra Maldonado, Phoenix, AZ, for Defendant–Appellant.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Paul Antonio Castro–Lopez appeals from the district court's judgment and challenges the 84–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), (b)(1)(B)(ii); and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii)(II). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Castro–Lopez contends that the district court erred in denying his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). Castro–Lopez argues that he was entitled to the adjustment because he was merely a courier who believed he was carrying marijuana and not cocaine. The court did not clearly err in denying the adjustment. *See United States v. Rodriguez–Castro*, 641 F.3d 1189, 1193 (9th Cir. 2011), *cert. denied*, —— U.S. ——, 132 S.Ct. 1061, 181 L.Ed.2d 778 (2012). Because the record reflects that 62 kilograms of cocaine were concealed in the roof of the car driven and registered to Castro–Lopez, he failed to establish that he was substan-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tially less culpable than the average participant. *See id.* ("The court was justifiably skeptical that this amount of drugs [33.46 kilograms of cocaine] would be entrusted to a minor player.").

Castro–Lopez next contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Castro–Lopez's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence 37 months below the advisory Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and except as provided by 9th Cir. R. 36–3.